[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#110)
The plaintiff, Edward Lelio, brings this action to recover for the alleged breach of an implied employment contract by his former employer, the defendant Sikorsky Aircraft (Sikorsky), a division of the defendant, United Technologies Corporation. Also named as defendants are Alan Gambino and Donald Fracassini, both of whom are employees of Sikorsky who were responsible for supervising the plaintiff.
In an amended one count "substitute" complaint filed on March 16, 1995, the plaintiff alleges that Sikorsky promulgated written and oral policies governing employee evaluations and that these policies constituted implied contracts between Sikorsky and the plaintiff. The plaintiff alleges that Sikorsky, acting through Gambino and Fracassini, breached these implied contracts in the CT Page 6991 following respects:
 (1) by refusing to make reasonable accommodations to permit the plaintiff, who was out of work due to a physical injury, to receive training on a newly installed computer system;
 (2) by failing to provide the plaintiff with adequate training on the new computer system despite Sikorsky's promise to get him "caught up" on the new system;
 (3) by using the plaintiff's inadequate training as a reason for placing him on Sikorsky's employee improvement program;
 (4) by failing to provide the plaintiff with a genuine statement of clear objectives, and by giving him false and misleading evaluations of his progress;
 (5) by refusing the plaintiff's requests for a transfer so that he could work with a supervisor with whom he did not have a personality conflict;
 (6) by condoning abusive treatment of the plaintiff by failing to rectify the abusive acts and practices of its supervisors, and by failing to investigate the plaintiff's complaints in a meaningful manner; and
 (7) by failing to treat the plaintiff on the basis of his ability and qualifications.
(Amended substitute complaint, ¶¶ 4a-4g.) The plaintiff alleges that he was damaged by the defendants' actions because he missed promotions and pay raises and because his employment was eventually terminated.
On March 30, 1995, the defendants filed a motion to strike the plaintiff's amended substitute complaint (#110) and a supporting memorandum of law. The defendants move to strike the complaint on the ground that the plaintiff fails to allege the existence of a CT Page 6992 contract which places him outside of the at-will doctrine. The defendants also argue that the plaintiff's claim for damages should be stricken because he fails to allege the existence of a contractual agreement to promote him or give him pay raises. On April 10, 1995, the plaintiff filed a memorandum of law in opposition. In opposing the motion to strike, the plaintiff contends that his claim is not based on wrongful termination, but rather, is based upon the defendants' breach of certain oral and implied agreements with regard to performance evaluations, employee training, complaint resolution and the treatment of employees based on merit.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint," which must be construed in the light most favorable to the plaintiff. (Internal quotation marks omitted.) NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992).
Despite the plaintiff's argument to the contrary, the present action is essentially a claim for wrongful termination because if the plaintiff's employment was not terminated he would not be suing based on the defendants' alleged failures to train him, evaluate him, transfer him or address his complaints. To prevail on a wrongful termination claim based on the existence of an implied agreement between the parties, the plaintiff must plead (and subsequently prove) "that [the defendant] had agreed, either by words or action or conduct, to undertake [some] form of actual contract commitment to him under which he could not be terminated without just cause . . . ." Barry v. Posi-Seal International, Inc.,36 Conn. App. 1, 5, 647 A.2d 1031 (1994). In the present case the plaintiff has failed to allege that the defendant, either through its employee manual or otherwise, agreed that it would only terminate the plaintiff for good or just cause. In the absence of such an allegation a claim for the breach of oral or implied contracts to train, evaluate, transfer, resolve employee complaints and promote on the basis of merit do not, in and of themselves, give rise to a legally cognizable cause of action for either wrongful termination or breach of employment contract. Even if the defendants breached these contracts, it would not change the fact that the plaintiff, under the allegations pleaded in the amended substitute complaint, is an employee at will subject to termination "for good cause, for no cause or even for cause morally wrong. . . ." CT Page 6993 (Emphasis added.) Magnan v. Anaconda Industries, Inc.,193 Conn. 558, 563, 479 A.2d 781 (1984). Therefore, the defendants' motion to strike the amended substitute complaint is granted.
BALLEN, JUDGE